1

2

3

4

5                           **UNITED STATES DISTRICT COURT**

6                                **DISTRICT OF NEVADA**

7   STACEY M. RICHARDS,                    )
                                           )
8            Plaintiff,                     )
                                           )      Case No. 2:16-cv-01794-JCM-PAL
9        v.                                 )
                                           )
10  GREG COX et al.,                        )                **ORDER**
                                           )
11           Defendants.                    )
                                           )
12  _____ )

13  **I.     DISCUSSION**

14          Plaintiff is a former state prisoner who had been in the custody of the Nevada

15  Department of Corrections ("NDOC").  (ECF No. 1 at 2).  On July 28, 2016, Plaintiff,

16  represented by counsel, initiated this case by filing a civil rights complaint pursuant to 42

17  U.S.C. § 1983.  (ECF No. 1).  Plaintiff has paid the full filing fee in this matter.  (*See* ECF No.

18  1).

19          The general rule under 28 U.S.C. § 1915A is that "[t]he court shall review . . . a

20  complaint in a civil action in which a prisoner seeks redress from the governmental entity or

21  officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss

22  the complaint, or any portion of the complaint" if it is "frivolous, malicious, or fails to state a

23  claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is

24  immune from such relief."  28 U.S.C. § 1915A(a), (b).

25          Section 1915A does not expressly differentiate between represented and

26  unrepresented prisoner cases with regard to screening, and there is no authority addressing

27  this issue. This Court typically does not screen § 1983 prisoner cases where the Plaintiff is

28  represented by counsel.  For one thing, the pleading obligations of an attorney under Fed. R.

    Civ. P. 11 tend to substantially reduce the incidence of claims that are frivolous or otherwise

1  patently noncognizable on their face.  Pro se litigants are not attorneys and should not be

2  expected to know how to draft pleadings as if they were.  Judicial screening of prisoner

3  complaints serves to prevent prisoner complaints which are truly difficult, if not impossible to

4  understand, from being served upon defendants.  Screening of represented cases to decipher

5  the allegations and claims is usually unnecessary.  *See, e.g.*, *Nordstrom v. Ryan*, 762 F.3d

6  903, 907 n.1 (9th Cir. 2014) (noting that the "purpose of § 1915A is to ensure that the targets

7  of frivolous or malicious suits need not bear the expense of responding"); *O'Neal v. Price*, 531

8  F.3d 1146, 1153 (9th Cir. 2008) (explaining that the PLRA's screening provision was intended

9  to "conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner

10  complaints at an early stage").  As such, the Court will not screen this counseled prisoner

11  case.  This case shall proceed on the normal litigation track as guided by the Federal Rules

12  of Civil Procedure.

13  **II.     CONCLUSION**

14       For the foregoing reasons, IT IS ORDERED that the Court will not issue a screening

15  order in this case.

16       IT IS FURTHER ORDERED that this case shall proceed on the normal litigation track

17  as guided by the Federal Rules of Civil Procedure.

18

19       DATED: This 8th day of August, 2016.

20

21                                              United States Magistrate Judge

22

23

24

25

26

27

28

2