ADAM PAUL LAXALT
Nevada Attorney General
CLARK G. LESLIE
Chief Deputy Attorney General
Nevada Bar No. 10124
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel:  (775) 684-1258
E-mail:  cleslie@ag.nv.gov

*Attorneys for Defendants*
*William Gittere, Michae, Byrne*
*and Eric Boardman*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STACEY M. RICHARDS,<br><br>                    Plaintiff,<br><br>vs.<br><br>GREG COX, et al.,<br><br>                    Defendants. | Case No.  2:16-cv-01794-JCM-PAL<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL (#1)** |

Defendants, William Gittere, Michael Byrne and Eric Boardman, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Clark G. Leslie, Chief Deputy Attorney General, hereby Answer Plaintiff's Complaint for Damages for Violation of Civil Rights and Demand for Jury Trial ("Complaint") (ECF No. 1) in the above entitled action as follows.

### JURISDICTION AND VENUE

1.      Defendants admit that this court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.  Defendants deny that jurisdiction is proper on any other basis.

2.      Defendants admit this court has jurisdiction pursuant to 28 USC § 1367.  Defendants deny that supplemental jurisdiction is proper on any other basis.

3.      Defendants admit this court is a proper venue for this matter.  Defendants deny any and all remaining allegations in this paragraph.

///

**PARTIES**

4.     Defendants admit Plaintiff Stacey M. Richards (hereinafter "Mr. Richards") is a former inmate within the Nevada Department of Corrections ("NDOC").  Defendants further admit Mr. Richards was incarcerated under the name "Rashaad Williams" with a prison identification number of 1096266.  Defendants are without sufficient knowledge or belief to admit or deny the remaining matters asserted in this paragraph and therefore deny any and all allegations.

5.     Defendants admit James Greg Cox was employed by the NDOC as the former Director and admit that Cox is entitled to Eleventh Amendment Immunity although this is not an exclusive statement of immunities that may apply to this defendant.  Defendants deny any and all remaining allegations in this paragraph.

6.     Defendants admit Renee Baker is employed by the Nevada Department of Corrections as a Warden and was the Warden at Ely State Prison ("ESP") at all times relevant.  Defendants further admit Harold Mike Byrne and William Gittere are employed by the NDOC as Associate Wardens at ESP.  Additionally, Defendants admit Michael Fletcher was employed by the NDOC as an Associate Warden at ESP.  Defendants deny any and all remaining allegations in this paragraph.

7.     Defendants admit Eric Boardman is employed by the Nevada Department of Corrections as a Correctional Officer ("C/O") at ESP.  Defendants deny any and all remaining allegations in this paragraph.

8.     No response is required as these named Defendants are not currently identified parties to this litigation.

9.     Defendants deny any and all allegations in this paragraph.

**FACTUAL ALLEGATIONS**

**A.     The Policy, Practice and Custom at Issue**

10.     Defendants admit the NDOC was in possession of 12-gauge shotguns to stop an incident or situation from escalating.  Defendants further admit inmates that are not involved in an incident involving violence or fighting between two or more inmates are instructed to lie on the ground. Defendants deny any and all remaining allegations in this paragraph.

///

11.     Defendants admit Administrative Regulation (AR) 405 was the regulation setting forth some Use of Force procedures.  Defendants deny any and all remaining allegations in this paragraph.

12.     Defendants deny any and all allegations in this paragraph because the matters set forth therein are taken out of context, are incomplete statements of the policy and unfairly state the policy and its intent.

13.     Defendants deny any and all allegations in this paragraph.

14.     Defendants deny any and all allegations in this paragraph.

15.     Defendants deny any and all allegations in this paragraph.

16.     Defendants admit Ely State Prison (ESP) adopted Operational Procedure 405 as the procedure setting forth the Use of Force procedure.  Defendants deny any and all remaining allegations in this paragraph.

17.     Defendants are without sufficient knowledge or belief to admit or deny the matters asserted in this paragraph and therefore deny any and all allegations.

18.     Defendants deny any and all allegations in this paragraph.

**B.      The Blinding of Stacey M. Richards**

19.     Defendants admit Mr. Richards, also known as Rashaad Williams was in the custody of the NDOC.   Defendants deny any and all remaining allegations in this paragraph.

20.     Defendants admit correctional officers yelled orders to inmates to get on the ground as an altercation commenced.  Defendants admit a warning shot was issued to end the altercation. Defendants deny any and all remaining allegations in this paragraph.

21.     Defendants deny any and all allegations in this paragraph.

22.     Defendants deny any and all allegations in this paragraph.

**C.      Damages**

23.     Defendants deny any and all allegations in this paragraph.

24.     Defendants deny any and all allegations in this paragraph.

25.     Defendants deny any and all allegations in this paragraph.

26.     Defendants deny any and all allegations in this paragraph.

27.     Defendants deny any and all allegations in this paragraph.

**FIRST CLAIM FOR RELIEF (42 USC § 1983)**

28.    Defendants deny any and all allegations in this paragraph.

29.    Defendants deny any and all allegations in this paragraph.

30.    Defendants deny any and all allegations in this paragraph.

31.    Defendants deny any and all allegations in this paragraph.

**SECOND CLAIM FOR RELIEF (Negligent Training, Supervision, and Retention)**

32.    Defendants deny any and all allegations in this paragraph.

33.    Defendants deny that they breached any duty owed to any person as defined by law.

34.    Defendants deny any and all allegations in this paragraph.

35.    Defendants deny any and all allegations in this paragraph.

**THIRD CLAIM FOR RELIEF (NRS 200.481 - Battery)**

36.    Defendants deny any and all allegations in this paragraph.

37.    Defendants deny any and all allegations in this paragraph.

38.    Defendants deny any and all allegations in this paragraph.

**FOURTH CLAIM FOR RELIEF (Negligence)**

39.    Defendants deny any and all allegations in this paragraph.

40.    Defendants deny any and all allegations in this paragraph.

41.    Defendants deny any and all allegations in this paragraph.

**D.    REQUEST FOR RELIEF**

Defendants deny Mr. Richards is entitled to any of the relief sought in the Complaint at page 9 and elsewhere in the Complaint.

**E.    ADDITIONAL ALLEGATIONS**

Furthermore, as to any remaining allegations contained in the Complaint not specifically admitted or denied herein above, these Defendants hereby deny all such allegations.

**F.    AFFIRMATIVE DEFENSES**

Defendants, assert the following Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants were not personally involved in the cause in fact and/or the proximate cause of the alleged constitutional deprivations.

**THIRD AFFIRMATIVE DEFENSE**

This action is time-barred by applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants at all relevant times acted in good faith toward Mr. Richards, therefore, Defendants are entitled to qualified good faith immunity from damages.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants are entitled to qualified, discretionary and absolute immunity. Defendants are also entitled to any other immunities afforded parties under the law.

**SIXTH AFFIRMATIVE DEFENSE**

At all relevant times herein, Defendants acted in accordance with applicable law and prison procedures that are constitutionally required.

**SEVENTH AFFIRMATIVE DEFENSE**

Mr. Richards failed to state a cognizable constitutional claim under 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. §1983.

**EIGHTH AFFIRMATIVE DEFENSE**

Mr. Richards failed to mitigate damages, if any, and therefore, is barred from seeking any damages hereunder.

**NINTH AFFIRMATIVE DEFENSE**

Mr. Richards was himself negligent in his conduct and such negligence is the sole, primary and superseding cause of any damages sustained by him, if any.

**TENTH AFFIRMATIVE DEFENSE**

Mr. Richards' punitive damage claims are barred by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability because the acts complained of were discretionary in nature or were performed while carrying out a statute or regulation.

**TWELFTH AFFIRMATIVE DEFENSE**

At all-time relevant, Defendants held a good faith belief that they were acting reasonably and that their actions were privileged and legally justified.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Mr. Richards failed to exhaust administrative remedies as required by the Prison Litigation Reform Act.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Mr. Richards' conduct constitutes a waiver of any alleged wrongful conduct undertaken by the answering defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Mr. Richards' conduct ratified any alleged wrongful conduct by the answering defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability as a matter of law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to amend their reply to allege additional affirmative defenses if subsequent discovery so warrants.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The negligence of Mr. Richards caused or contributed to any injuries or damages which Mr. Richards may have sustained, and the negligence of these defendants, if any, requires that the damages of Mr. Richards be denied or diminished in proportion to the amount of negligence attributable to Mr. Richards.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants cannot be sued for monetary damages while acting in their official capacity in a civil rights action.

**TWENTIETH AFFIRMATIVE DEFENSE**

Mr. Richards is estopped from pursuing any claim against defendants in accordance with equitable principles of jurisprudence.

///

1

**TWENTY FIRST AFFIRMATIVE DEFENSE**

2       The doctrines of res judicata and/or collateral estoppel bar Mr. Richards from asserting the

3  matters set forth in his Complaint and also acts as a bar to any relief sought by Mr. Richards.

4       WHEREFORE, Defendants pray for relief as follows:

5       1.      That Mr. Richards takes nothing by virtue of his Complaint;

6       2.      For attorney fees and costs of suit herein.

7  DATED this 29th day of September, 2016.

8

9                                                      ADAM PAUL LAXALT
                                                       Attorney General
10

11                                          By:_____
                                                       CLARK G. LESLIE
12                                                     Chief Deputy Attorney General
                                                       Bureau of Litigation
13                                                     Public Safety Division

14                                                     *Attorneys for Defendants*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 29th day of September, 2016, I caused a copy of the foregoing, **DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL (#1)** to be served, by U.S. District Court CM/ECF Electronic Filing on the following:

> JOHN BURTON, ESQ.
> LAW OFFICES OF JOHN BURTON
> 128 N. FAIR OAKS AVE.
> PASADENA CA 91103
> jb@johnburtonlaw.com
>
> RICHARD SCHONFELD, ESQ.
> 520 S. FOURTH ST. SECOND FLOOR
> LAS VEGAS NV 89101
> rschonfeld@cslawoffice.net

_____

An employee of the
Office of the Attorney General

8