# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STACEY M. RICHARDS, | Case No. 2:16-cv-01794-JCM-BWN |
| Plaintiff, | |
| v. | **ORDER** |
| GREG COX, et al., | |
| Defendants. | |

Presently before the court are Defendants' Motion for Leave to File Exhibit 2 Under Seal in Support of Defendants' Motion for Summary Judgment (ECF No. 61) and Defendants' Motion for Leave to File Confidential Documents Under Seal in Support of Defendants' Motion for Summary Judgment (ECF No. 64), filed on October 8, 2018 and October 10, 2018, respectively. These motions were referred to the undersigned on May 17, 2019. In these motions, defendants request that various exhibits in support of their motion for summary judgment (ECF. No. 60) be filed under seal. Plaintiff did not oppose either motion.

Generally, the public has a right to access judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). As a result, there is a strong presumption in favor of public accessibility, and a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption." *Id.*

When a party seeks to seal documents related to a dispositive motion, as is the case here, the party "must articulate compelling reasons supported by specific factual findings" that outweigh the public policies favoring disclosure. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). Examples of sufficiently compelling reasons include when court files "might have become a vehicle for improper purposes, such as the use of records to gratify

private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quotation omitted).

Defendants' motion to file Exhibit 2 under seal (ECF No. 61) requests that the court allow it to seal Ely State Prison's Confidential Operational Procedure (OP) 405. Defendants argue that under certain prison regulations, inmates are not allowed to have confidential operational procedures and that putting OP 405 into the public record could create security and safety risks at the prison. (ECF No. 61 at 2-3.) Generally, because of the safety and security risks present in prisons, prison administrators are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Indeed, "[s]uch considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id.* at 547-48. Here, there is no substantial evidence in the record that disallowing inmates to have access to OP 405 is an exaggerated response to the safety and security concerns present in prisons.

Further, after reviewing OP 405, the court finds that inmates' possession of OP 405 could pose safety and security risks to inmates and prison staff, by giving inmates access to confidential plans and procedures used to ensure the safety of everyone in the prison. Accordingly, the court finds that defendants have presented compelling reasons based on articulable facts (*see Kamakana*, 447 F.3d at 1178-79) to seal Exhibit 2, and the court will grant defendants' motion to file Exhibit 2 under seal (ECF No. 61).

Defendants also move the court to withdraw Exhibits 6 and 7 from the public record and file them under seal, as these exhibits were inadvertently filed in the public record and contain sensitive and identifying information about a minor. (ECF No. 64.) The court has reviewed Exhibits 6 and 7 and finds that there are compelling reasons for redacting certain information in these exhibits. Specifically, these exhibits identify a minor human trafficking victim and provide sensitive information about her victimization. However, the court also finds that there is much

information in Exhibits 6 and 7 that does not identify the minor. Given the strong presumption in favor of public access to judicial records, the court finds that Exhibits 6 and 7 should not be sealed in their entirety but rather simply redacted to protect the identity of the minor. Therefore, the court will seal Exhibits 6 and 7 and require defendants to refile these exhibits on the docket in a redacted format within 14 days.

IT IS THEREFORE ORDERED that Defendants' Motion for Leave to File Exhibit 2 Under Seal in Support of Defendants' Motion for Summary Judgment (ECF No. 61) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Confidential Documents Under Seal in Support of Defendants' Motion for Summary Judgment (ECF No. 64) is GRANTED.

IT IS FURTHER ORDERED that the Clerk is to seal Exhibits 6 (Arrest Report) and 7 (Deposition of Bumgardner), currently hyperlinked as Exhibits 5 and 6 to ECF No. 60.

IT IS FURTHER ORDERED that defendants are to refile Exhibits 6 and 7 on the docket, redacting all identifying information of the minor within 14 days.

DATED: June 18, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE