UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STACEY M. RICHARDS, | Case No. 2:16-CV-1794 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| GREG COX, et al., | |
| Defendant(s). | |

Presently before the court are defendants' Renee Baker, Eric Boardman, and James Cox (collectively "defendants") motions *in limine* (ECF Nos. 134–136). Plaintiff Stacey Richards ("Richards") responded (ECF No. 142), and defendants replied (ECF No. 147).[1]

**I.  Background**

Richards was an inmate at Ely State Prison on April 21, 2015, when an altercation arose amongst several other inmates. (ECF No. 1). Correctional officer Eric Boardman "skip shot" birdshot in Richards's direction as a warning for inmates to lie face down. Some of the shot hit Richards in the face. (*Id.*). This allegedly blinded Richards and he claims he suffers from emotional distress. Richards filed a complaint alleging violations of 42 U.S.C. § 1983, negligent training and supervision, battery, and negligence. (*Id.*).

Defendants filed three motions *in limine*. (ECF Nos. 134; 135; 136). Defendants' first two motions seek to exclude testimony about Richards's treatment for emotional distress and

---

[1] Defendants' reply (ECF No. 147) was filed without leave of court. Local Rule 16-3 prevents replies in support of a motion *in limine* without leave of court. Defendants' reply is therefore STRICKEN and the court will not consider the arguments within. *See, e.g., Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets); *see also* LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

**James C. Mahan**
**U.S. District Judge**

non-retained expert opinion. (ECF Nos. 134; 135).  Defendants' third motion *in limine* seeks an affirmative order from the court deeming Richards's 2016 arrest report admissible and not hearsay.  (ECF No. 136).

## II. Legal Standard

"The court must decide any preliminary question about whether . . . evidence is admissible."  Fed. R. Evid. 104.  Motions in limine are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence.  *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980).  Motions in limine may be used to exclude or admit evidence in advance of trial.  *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling in limine that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions in limine.  *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").  "[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

"Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted [or excluded] at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."  *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

### III. Discussion

#### A. Defendants' motion *in limine* No. 1

Defendants seek to exclude evidence of Richards receiving medical treatment for emotional distress. (ECF No. 134). Defendants contend that Richard's treating physician, Dr. Hanjari, is the only witness who can link Richard's emotional distress symptoms to the April 21, 2015, incident. (*Id.*). They argue that because Dr. Hanjari will not testify at trial, Richards should be precluded from offering his second-hand recitation of his diagnoses. (*Id.*).

Plaintiff's counsel concedes that Richards's medical diagnosis is precluded under the rule against hearsay and claims he will not ask his client to repeat Dr. Hanjari's diagnoses. (ECF No. 142). However, Richards is sufficiently knowledgeable to his own experiences since the incident to testify as to how his condition has affected him.

Richards contends that his mental and emotional suffering stemming from his blindness is "garden-variety" emotional distress, which is "simple or usual." (ECF No. 142); *see Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594 (D. Nev. 2016) (distinguishing ordinary or common place emotional distress from complex emotional distress that relies on medical records or expert testimony). Under that definition, Richards is competent to testify to such garden-variety distress.

There is no need to categorically prevent Richards from testifying as to his own mental distress and the associated symptoms of which he has first-hand knowledge. Any specific evidentiary objections concerning Richards's testimony as to his own experiences can be addressed at trial. Therefore, the first motion in limine is denied, although defendants retain the ability to specifically object to testimony offered at trial.

#### B. Defendants' motion *in limine* No. 2

Defendants next seek to exclude Richards's ophthalmologist, Dr. Gregory, from testifying as a non-retained expert. (ECF No. 134). Defendants contend Richards did not accurately disclose a statement of facts for Dr. Gregory's testimony consistent with Fed. R. Civ. P. 26(a)(2)(C). (*Id.*). They further argue that any supplemental disclosure now would run afoul of the timeliness standard in Fed. R. Civ. P. 26(e). (*Id.*).

James C. Mahan
U.S. District Judge

- 3 -

The procedural posture of this motion is highly relevant. Defendants filed the instant motions *in limine* on August 26, 2022. (ECF No. 134). However, this case has been pending since 2016 and the prior discovery deadline was September 10, 2018. Because of the significant lapse in time from the close of discovery to now, Richards filed a motion to reopen discovery on August 4, 2022, for the limited purpose of updating his medical treatment history. (ECF No. 124). Judge Weksler granted Richards's motion to reopen discovery on September 8, 2022. (ECF No. 141).

The timing of the instant motion and Judge Weksler's order render this issue resolved. Richards has undergone treatment for his injury in the time since the close of initial discovery. Notably, Dr. Gregory performed eye surgery on Richards on May 9, 2022. The relevance of Richards's medical treatment to his overall claim justifies the need for supplemental disclosures.

Richards contends that once Dr. Gregory's deposition transcript is available, Richards will have the information necessary to serve a more accurate supplemental disclosure consistent with Fed. R. Civ. P. 26(a)(2)(C). (ECF No. 142). Moreover, defendants have adequate notice and opportunity to conduct their own discovery on this matter and will not be unfairly prejudiced by the supplemental disclosure. Therefore, defendants' second motion in limine (ECF No. 135) is denied, as moot.

C. Defendants' motion *in limine* No. 3

Finally, defendants seek to introduce a report containing information about Richards's arrest following his release from Ely State Prison. (ECF No. 136). Richards was arrested in Los Angeles County in 2016 for involvement in a prostitution scheme with a minor. (ECF No. 142). According to the arrest record, Richards was operating a motor vehicle at night at the time of arrest. (*Id*.).

Defendants argue that the arrest record is relevant for three reasons: (1) to assess Richards's alleged blindness considering his night-time driving, (2) to undermine Richards's future damages as he continues to be involved in criminal conduct, and (3) to demonstrate that Richards's emotional distress was caused by the 2016 arrest rather than the April 21, 2015,

James C. Mahan
U.S. District Judge

- 4 -

incident. (ECF No. 134). Defendants further argue the arrest report falls under the public record exception to the rule against hearsay. (*Id.*).

Richards concedes that the 2016 arrest has some relevance under Fed. R. Evid. 402. (ECF No. 142). However, he claims a substantial portion of the report, including the cause for his arrest, contains unfairly prejudicial information irrelevant to his claim. (*Id.*). Richards claims he will stipulate to driving at the time of arrest, spending a year in Los Angeles County Jail having pled no contest to a felony, and serving two years in Nevada on a parole violation. (*Id.*).

In *Old Chief v. United States*, the Court held that it was an abuse of discretion for a district judge to fail to consider an offer to stipulate when the "name or nature of the prior offense raises the risk of a verdict tainted by improper considerations." *Old Chief v. United States*, 519 U.S. 172, 191 (1997). The *Old Chief* Court reasoned that while a prior arrest *may* be otherwise admissible, where the effect of introducing such evidence raises the risk of unfair prejudice, an offer to stipulate that would accomplish the probative value of the evidence is necessarily worth considering. *Id.* The court thus takes note of Richards's objections to the entirety of the arrest record, while acknowledging the defendants' limited request to deem it exempt from the rule against hearsay.

Federal Rule of Evidence 402 provides for the general admissibility of relevant evidence. Fed. R. Evid. 402. Both parties acknowledge the relevance of Richards's arrest to his alleged blindness. (ECF Nos. 134, 142). Richards predicates his claim for emotional distress on being legally blind. Thus, the 2016 arrest showing Richards was driving at night substantially undermines his claim.

The Ninth Circuit holds that district courts should admit law enforcement reports, if at all, only under the public records exception observed by Rule 803(8). *United States v. Pena-Gutierrez,* 222 F.3d 1080 (9th Cir. 2000). Rule 803(8) allows the admission of public records "setting forth… matters observed pursuant to duty imposed by law as to which matters there was a duty to report." *Id.* The court finds that the arrest record satisfies the public record exception

**James C. Mahan**
**U.S. District Judge**

- 5 -

to the rule against hearsay under Rule 803(8) insofar as it relies on the officer's own observations.

Defendants' third motion in limine is thus granted in that the court finds the police report will not be excluded in its entirety *as hearsay*. *See* (ECF No. 136 at 9). This does not mean the court deems the report admissible, however, and plaintiff may still object to its admission, as well as to specific statements contained within, on other grounds, including relevance under Rule 402, unfair prejudice under Rule 403, and specific hearsay statements within the larger report.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motions *in limine* Nos. 1 and 2 (ECF Nos. 134; 135) be, and the same hereby are, DENIED, consistent with this order.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion *in limine* No. 3 (ECF No. 136) be, and the same hereby is, GRANTED, consistent with this order.

Presently before the court is the matter of *Richards v. Cox et al.*, case number 2:16-cv-01794-JCM-BNW.

DATED October 26, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -