Richard Schonfeld, Nevada Bar No. 6815
rschonfeld@cslawoffice.net
CHESNOFF & SCHONFELD
520 South Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
Telephone: (702) 384-5563

John Burton, *Pro Hac Vice*, California Bar No. 86029
jb@johnburtonlaw.com
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 449-8300

Attorneys for Plaintiff Stacey M. Richards

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STACEY M. RICHARDS,<br><br>Plaintiff,<br><br>v.<br><br>GREG COX, RENEE BAKER and ERIC BOARDMAN,<br><br>Defendants. | Case No. 2:16-cv-1794-JCM-BNW<br><br>**AMENDED JOINT PRETRIAL CONFERENCE ORDER** |

After pretrial proceedings in this case,

IT IS ORDERED:

**I.      Statement of the Nature of the Action**

Plaintiff Stacey M. Richards brings this action pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth Amendment. Plaintiff was an inmate in the lawful custody of the Nevada Department of Corrections (NDOC) and housed in Ely State Prison (ESP). Plaintiff suffered

1

injuries from pellets in a shotgun round fired by Correctional Officer Eric Boardman in response to an inmate fight in which Plaintiff was not involved.

Plaintiff sues for compensatory general and punitive damages pursuant to 42 U.S.C § 1983 based on alleged deprivations of his Eighth-Amendment rights. Along with Officer Boardman, Defendants include former NDOC Director Eric Cox and former ESP Warden Renee Baker (the supervisory defendants) based on alleging that NDOC and ESP policies, training and procedures allowing birdshot was a moving force behind the constitutional deprivation.

In addition to compensatory general damages for his ocular injuries and punitive damages, Plaintiff seeks attorney's fees pursuant to 42 U.S.C. § 1988 and costs.

Defendants assert that there was no violation of Plaintiff's constitutional rights, and, therefore, Plaintiff is entitled to no damages.

**II.     Statement of Jurisdiction**

Because this case arises under 42 U.S.C. § 1983, federal-question subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

**III.    Statement of Uncontested Facts**

The following facts are admitted by the parties and require no proof:

1. Defendant Greg Cox, as NDOC Director, adopted Use of Force Policy, AR (Administrative Regulation) 405, on January 2, 2012, and reenacted it October 20, 2014. It was in effect at the time of this incident.
2. AR 405.2 defines "non-deadly force" as force "not designed to or likely to cause death or serious bodily injury."
3. AR 405.3(6) lists among "types of non-deadly force equipment" 12-gauge shotguns loaded with a blank round and a 7.5 birdshot round.
4. Each birdshot round includes about 300 small metal pellets.
5. Defendant Renee Baker, as ESP's Warden, enacted OP (Operating Procedure) 405, classifying shotgun blasts of birdshot as a "non-deadly use of firearms." It was in effect at the time of this incident.

6. OP 405 requires that a blank "warning shot" be fired "upward and away from any persons" before "live rounds may be fired into the ground near the problem inmates or disturbance."
7. When an inmate disturbance breaks out, correctional officers issue verbal orders and expect all inmates to get down on the floor and cover their faces and heads.
8. Correctional officers are trained they may fire "skip shots" at inmates who continue to fight after a failure to comply with the verbal order.
9. Plaintiff Stacey Richards was arrested in Nevada in 2012, at age 21. At the time Stacey Richards had his brother Rashaad Williams' identification, and was convicted and incarcerated under that name. For the purposes of this lawsuit, Plaintiff Stacey Richards and inmate Rashaad Williams are the same person.
10. On April 21, 2015, Plaintiff Richards, then age 24, was a worker inmate at ESP housed in a unit with about 90 other worker inmates. He was congregating in a common area during free time with a few dozen other inmates.
11. At about 7:15 p.m., four inmates attacked a fifth inmate. Plaintiff Richards and the inmates with whom he was congregating were not involved in the disturbance.
12. Officer Boardman issued a verbal order to "stop fighting, get on the ground." Plaintiff Richards and other uninvolved inmates got on the ground.
13. Officer Boardman did not see a weapon.
14. Certain inmates remained standing and continued fighting.
15. Officer Boardman fired a shotgun.
16. Plaintiff was hit with birdshot in the face, neck, shoulder and chest.
17. The birdshot that hit Plaintiff Richards left eye permanently ended all potential vision, including perception of light.
18. The birdshot that hit Plaintiff Richards' right eye detached his retina. Kwang Lee, M.D., a retina specialist in Las Vegas, reattached the retina, preserving partial vision in Plaintiff's right eye.
19. Plaintiff Richards obtained medical treatment for his right eye.

**IV.     The following facts, though not admitted, will not be contested at trial by evidence to the contrary:**

> None.

**V.      The following are the issues of fact to be tried and determined at trial:**

1. Whether former NDOC Director Cox was deliberately indifferent and, therefore, violated Plaintiff's constitutional rights under the Eighth Amendment by adopting AR 405. In other words whether he subjectively knew of and consciously disregard an excessive risk to inmate safety, when he implemented AR 405.

2. Whether AR 405 requires "get-down orders" prior to discharging a skip-shot round.

3. Whether NDOC Director Cox knew of "get-down orders" prior to discharging a skip-shot round when an inmate altercation occurs.

4. Whether NDOC Director Cox consciously disregarded any risk that would have existed if "get-down orders" were provided prior to discharging a skip-shot round when an inmate altercation occurs.

5. Whether NDOC policy AR 405 itself was a repudiation of Plaintiff's constitutional rights and constituted a moving force behind Plaintiff Richard's alleged constitutional deprivation.

6. Whether former ESP Warden Baker was deliberately indifferent, and, therefore, violated Plaintiff's constitutional rights under the Eighth Amendment by adopting OP 405. In other words, whether she subjectively knew of and consciously disregard an excessive risk to inmate safety, when she implemented ESP OP 405.

7. Whether the NDOC policy itself was a repudiation of Plaintiff's constitutional rights and constituted a moving force behind Plaintiff Richard's constitutional deprivation.

8. Whether the ESP operating procedure 405 itself was a repudiation of Plaintiff's constitutional rights and constituted a moving force behind Plaintiff Richard's constitutional deprivation.

9. Whether ESP operating procedure 405 requires a "get-down order" prior to the use of a skip shot round.
10. Whether Officer Boardman fired a blank round when the inmates began fighting.
11. Whether Officer Boardman fired one or two live birdshot rounds in the direction of Plaintiff Richards after he complied with Officer Boardman's order to get down on the floor.
12. Whether Officer Boardman used force directed at Plaintiff.
13. Whether the use of force exceeded the amount necessary based on the threat Officer Boardman perceived during the violent altercation between inmates.
14. Whether Officer Boardman perceived a threat that warranted the use of a skip-shot as permitted by NDOC regulation and ESP procedures.
15. Whether Officer Boardman ordered inmates, including Plaintiff Richards, to put their faces near where he was aiming the shotgun and fired the shotgun moments later.
16. Whether Officer Boardman acted with the purpose of causing harm.
17. Whether Officer Boardman acted with the purpose of ending the inmate fight.
18. Whether Officer Boardman should have called for backup and monitored the situation.
19. Whether Plaintiff properly complied with Officer Boardman's verbal order by allegedly lifting his head and face rather than keeping his head and face covered.
20. Whether inmates are trained and/or advised to cover they heads and faces when provided a verbal order to get down during a physical altercation.
21. Whether Plaintiff has admissible evidence that any putative deterioration in the vision of Plaintiff's sight in his right eye is the natural and probable consequence of the incident.
22. Whether Plaintiff has admissible evidence that any putative emotional distress or mental suffering was the natural and probable consequence of the incident.

23. Whether Plaintiff's putative emotional distress/mental suffering was caused by his November 16 arrest and subsequent incarceration as described in Plaintiff's responses to Defendants' interrogatories.

24. Whether Plaintiff has mitigated his damages by timely seeking medical treatment for an injury to his right eye and adhered to treatment offered to him.

VI.     **Agreed Statement of Contested Issues of Law**

   **(a) Plaintiff**

The principle contested issue of law, qualified immunity, has been fully litigated and adjudicated adversely to Defendants. All rulings in the following are now law of the case: (1) the District Court Order denying Defendants' motion for summary judgment as to Defendants Cox and Baker, (2) the District Court Order denying Defendants' motion for reconsideration as to Defendants Cox and Baker, (3) the Memorandum Decision of the Ninth Circuit affirming the District Court Orders as to Defendants Cox and Baker, and (4) the District Court Order after remand denying Defendant Boardman's motion for summary judgment.

   **(b) Defendants**

Whether FRCP 26(a)(1)(A)(i-iii), FRCP 26(e), and 37(c)(1) bars Plaintiff from introducing evidence of emotional distress/mental suffering damages?

VII.

   **(a)     The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

1. Video of Incident, April 21, 2015 at Ely State Prison (DEF 001).
2. Diagram of Tier (DEF 002-3)
3. Nevada Offender Tracking Information System ("NOTIS") Report "Investigation Detail Report" IR-2015-ESP-000649 (DEF 004-8)
4. NDOC "Preliminary Incident Report" (37 pages)
5. Officer Boardman's handwritten report
6. Officer Boardman's typed report
7. Sgt. James Lester report 4-22-2015 (two pages)

8. Lt. Randall Shultheis report 4-22-2015 (two pages)
9. NDOC Administrative Regulation 405 effective October 20, 2014 (DEF 022-27)
10. ESP Operational Procedure 405 effective March 15, 2011 excerpted (DEF 028-33, 37-38, 41)
11. NDOC medical records, notes and orders (DEF 058-202)
12. Plaintiff's medical records from William Bee Ririe Hospital, 1500 Ave H, Ely, NV 89301.
13. Plaintiff's medical records from Sunrise Hospital, 3186 S. Maryland Pkwy, Las Vegas, NV 89109.
14. Plaintiff's medical records from Nevada Retina Center, 3006 S. Maryland Pkwy, Las Vegas, NV 89109 (Kwang Lee, M.D.)

(b)  As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

(1) Set forth the plaintiff's exhibits and objections to them.

1. "Use of Force Policy, Practices and Staff Training Regarding the Use of Shotguns in Nevada Prisons," submitted to the Nevada Department of Corrections by the Association of State Correctional Administrators, September 21, 2015. (DEF083 – DEF126).[1]
2. "Response/Corrective Action Plan to the Use of Force Policy, Practices and Staff Training Regarding the Use of Shotguns in Nevada Prisons," submitted to Board of State Prison Commissioners by the: Nevada Department of Corrections, October 13, 2015[2]
3. Scene photos[3]
4. Stills from Video[4]

---

[1] Objection: 401, 403, 407, 602, 801, 802, 805
[2] Objection: 401, 403, 407, 602, 801, 802, 805
[3] Objection: Does not comply with Local R. 16-3(b)(8) as Defendants cannot readily identify the photos referenced.
[4] Objection: Does not comply with Local R. 16-3(b)(8) as Defendants cannot readily identify the stills to be used.

7

5. Plaintiff's medical records from California Eye Specialists[5]

6. Plaintiff's dental x-ray (12/30/2021)[6]

7. Plaintiff's medical records from Kaiser Permanente, Southern California locations.[7]

(2) Set forth the defendant's exhibits and objections to them.

1. NOTIS "Case Note Report" identified as **DEF 009 - 017**[8]
2. NOTIS "Disciplinary History Report" identified as **DEF 018 - 019**[9]
3. NOTIS "Grievance History Report" identified as **DEF 020 - 021**[10]
4. Administrative Regulation 405 eff October 20, 2014, identified as **DEF 022 – 027**
5. Ely State Prison Operational Procedure 405 eff March 15, 2011, identified as **DEF 028 – 047**
6. Plaintiff's Institutional File, kites and correspondence, identified as **DEF 048 – 057**[11]
7. Plaintiff's NDOC Medical Records 2015-2016 identified as **DEF 058 – 113**
8. Plaintiff's responses to Defendants' interrogatories and requests for admissions.

(c) Electronic Evidence

The parties at this stage do not foresee presenting evidence in electronic format to jurors for purposes of jury deliberations.

(d) Depositions

(1) Plaintiff may seek to introduce Defendants' deposition testimony at trial if they are not available to testify. If so, Plaintiff will work with Defendants to identify the relevant portions to be offered with all unresolved objections.

(2) Plaintiff will introduce the video deposition of Anthony C. Gregory, II, M.D. Plaintiff will work with Defendants to identify the relevant portions to be offered with all unresolve objections.

---

[5] 801, 802, 901

[6] FRCP 37(c)(1), 801, 802, 901

[7] 801, 802, 901

[8] FRE 401, 403, 404, 802

[9] FRE 401, 403, 404, 802

[10] FRE 403, 802

[11] FRE 401, 403, 404, 802

(2) Defendant may seek to introduce deposition transcripts of Derek Bumgardner at trial. If so, Defendant will work with Plaintiff to identify the relevant portions to be offered with all unresolved objections.

(3) Defendant may seek to introduce deposition transcripts of Daniel Gore at trial. If so, Defendant will work with Plaintiff to identify the relevant portions to be offered with all unresolved objections.

(4) Defendant may seek to introduce deposition transcripts of Dr. Kwang J. Lee at trial. If so, Defendant will work with Plaintiff to identify the relevant portions to be offered with all unresolved objections. (Plaintiff may seek to introduce Dr. Lee's deposition testimony if he is not available on the date set for trial.)

(e)     Objection to Depositions

(1)     Plaintiff objects to Defendants' depositions as follows:

Plaintiff contend that readings from the Bumgardner and Gore depositions should not be allowed, or should be limited to evidence (that Plaintiff does not dispute) that he was driving when pulled over. Other details of his arrest should be barred under Fed. R. Evid. 403 and 404.

(2)     Defendants object to Plaintiff's depositions as follows:

Defendants contend that no part of Dr. Gregory's testimony should be admissible. Dr. Gregory's opinion on a causal relation between an injury to Plaintiff's right eye resulting from the April 21, 2015 use of force incident and the current condition of Plaintiff's right eye is speculative since he never reviewed a complete set of Plaintiff's post-injury medical records, Plaintiff did not produce a complete set of his medical records post-injury, and Plaintiff never produced his pharmacy records reflecting his post-injury adherence to medical advice for treating an injury to his right eye.

**VIII.   The following witnesses may be called by the parties at trial**

**Plaintiff:**

1. Plaintiff Stacey Richards, C/O Plaintiff's Counsel
2. Chris Richards (Plaintiff's father), C/O Plaintiff's Counsel
3. Defendant Greg Cox, C/O Defense Counsel (FRE 611(c)(2))

9

4. Defendant Renee Baker, C/O Defense Counsel (FRE 611(c)(2))

5. Defendant Eric Boardman, C/O Defense Counsel (FRE 611(c)(2))

6. Lieutenant Randall Schultheis, C/O Defense Counsel (FRE 611(c)(2))

7. Sgt. James Lester, C/O Defense Counsel (FRE 611(c)(2))

8. Milton Enniss, NDOC No. 94402, the inmate closest to Plaintiff when he was shot[12]

9. Richard Lichten, Plaintiff's correctional expert, 26504 Bouquet Cyn Rd, Suite 110 Santa Clarita, CA 91350

10. Kwang Lee, M.D., treated Plaintiff at Sunrise Hospital, 3186 S. Maryland Pkwy, Las Vegas, NV 89109, and follow up treatment at Nevada Retina Center, 3006 S. Maryland Pkwy, Las Vegas, NV 89109

11. Anthony C. Gregory, II, M.D. Opthalmologist who has examined and treated Mr. Richards and will testify to his injuries and prognosis, as stated in the medical records and his deposition of September 27, 2022. Kaiser Permanente Woodland Hills Medical Center, 5601 De Soto Ave, Woodland Hills, CA 91367 (833) 574-2273

**Defendants:**

1. Plaintiff Stacey Richards (also known as Rashaad Williams) c/o Chesnoff & Schonfeld, 520 South Fourth Street, Las Vegas, Nevada 89101, knowledge regarding the claims and subject matter of his Complaint.

2. William Gittere, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, regarding the subject matter, claims, and defenses of this case.

3. Harold "Michael" Byrne, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, regarding the subject matter, claims, and defenses of this case.

4. Defendant Eric Boardman, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, regarding the subject matter, claims, and defenses of this case.

---

[12] Objection: 401, 403, 602, 701

5. Defendant James Cox, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, regarding the subject matter, claims, and defenses of this case.

6. Michael Fletcher, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, regarding the subject matter, claims, and defenses of this case.

7. James Lester, Correctional Lieutenant, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

8. Randall Schultheis, Correctional Lieutenant, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

9. Terrance Deeds, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

10. Michael Grant, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

11. Jesus Gaytan, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

12. Kerry Sliker, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661,

responding staff to the incident and has knowledge regarding the subject matter of this case.

13. Thomas Hinkle, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

14. Richard Adams, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

15. Dana Cole, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

16. Corey Cooke, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

17. Christopher Williams, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

18. Laarnie Rice, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

19. Gail Holmes, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washingdon Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661,

responding staff to the incident and has knowledge regarding the subject matter of this case.

20. Teresa Stark, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

21. Cheyanna Anderson, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

22. Amy Godinez, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

23. Wade Randall, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

24. Dennis Homan, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, responding staff to the incident and has knowledge regarding the subject matter of this case.

25. Matthew Noriega c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, was present with Defendant Boardman in the overhead control room during the incident, and has knowledge regarding the subject matter of this case. [13]

---

[13] Plaintiff notes that witnesses 25-27 were not listed on Defendants Rule 26 disclosures. Defendants note that the witnesses were identified in numerous documents and filings in this case, including in documents provided with their initial disclosures on February 17, 2017, Defendants' Requests for Production of Documents provided on April

26. Elliott Burleigh c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, was present in the unit at the time of the incident, and has knowledge regarding the subject matter of this case.

27. Jake Nichols, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, was present in the unit at the time of the incident, and has knowledge regarding the subject matter of this case.

28. Attending medical providers at William Bee Ririe Hospital, Ely, Nevada. Treated injuries of Plaintiff.

29. Attending medical providers at Sunrise Hospital, Las Vegas, Nevada. Treated injuries of Plaintiff.

30. Attending medical providers at University of California, Irvine Gavin Herbert Eye Institute Irvine, California. Treated injuries of Plaintiff.

31. Attending medical providers at Kaiser Permanente, California. Treated injuries of Plaintiff.

32. Attending medical providers at the Braille Institute, California. Treated injuries of Plaintiff.

33. Stanley L. Kephart, c/o Defense Counsel, Austin T. Barnum, Nevada Attorney General's Office, 555 E. Washington Ave., Ste. 3900, Las Vegas, NV, 89101, (702) 486-0661, as an expert witness at trial, regarding his expert opinion in the provided reports.

34. Derek Bumgardner, Sergeant LA County Sheriff's Department, an officer with personal knowledge of Plaintiff's ability to drive.

35. Dr. Majid Moshifar, Medical Director of Research, Hoopes Durrie, Rivera Research,

---
(continued)
12, 2017, in Plaintiff's initial disclosures dated February 8, 2017 and Plaintiff's First Supplemental Disclosures dated May 2, 2017 Defendants further note the witnesses are included in the Preliminary Investigation Report, a stipulated exhibit set forth in this document in Section VII, a, ¶ 4, at p. 6,  Counsel will meet and confer and bring any objection to the Court's attention only if necessary.

> LLC, Hoopes Vision, Salt Lake City, Utah 84020, (801) 568-0200, a rebuttal expert witness to be called should Dr. Gregory be permitted to testify via deposition regarding a causal connection between an injury to Plaintiff's right eye resulting from the April 21, 2015 use of force incident and Plaintiff's right eye's current condition and future prognosis.

Plaintiff objects to the presence on this list of Dr. Moshifar, who appears to be an ophthalmology expert witness retained by Defendants, on the basis that he has not been disclosed pursuant to Rule 26(a)(2), or in any other manner. Plaintiff first learned of his involvement in this case when he received Defendants' response to Plaintiff's proposed amended order on October 21, 2022.

Defendants contend that should Dr. Gregory be permitted to testify, Dr. Moshifar should be permitted to provide rebuttal testimony as this Court's September 8, 2022 order suggests, as any report or testimony provided by Dr. Moshifar will be specifically relating "to the supplements received from Plaintiff after the close of discovery" relating to Dr. Gregory. ECF No. 141 at 16:7-8. Should this Court permit Dr. Gregory to testify and Defendants decide to rely on Dr. Moshifar in rebuttal to that testimony, Defendants will provide any expert report obtained and permit Plaintiff to conduct any deposition of Dr. Moshifar Plaintiff desires in order to prepare Dr. Moshifar's potential rebuttal testimony.

**IX     The attorneys have met and jointly offer these three trial dates:**

The parties suggest a date during February, March (except as mentioned below), or April 2023.

Dr. Lee, the ophthalmologist who treated Plaintiff prior to his release from NDOC custody and is under subpoena from Plaintiff, is not available March 16-26, 2023.

**X.     Trial Estimate**

It is estimated that the trial will take a total of 5-7 days.

**XI.     Motions in Limine**

Plaintiff will, if necessary, file a motion to exclude Dr. Moshifar, who appears to be an ophthalmology expert witness retained by Defendants, on the basis that he has not been disclosed

pursuant to Rule 26(a)(2), or in any other manner. Plaintiff first learned of his involvement in this case when he received Defendants' response to Plaintiff's proposed amended order on October 21, 2022.

Defendants have filed motions in limine, and Plaintiff has filed responses.

Should Defendants' pending motion in limine to exclude Dr. Gregory, which was filed prior to Dr. Gregory's deposition be denied by this Court, Defendants (if Defendants' pending motion is denied), will file a motion in limine to preclude any testimony from Dr. Gregory linking the current state of Plaintiff's vision in his right eye and future prognosis to the April 21, 2015 use of force incident.

Respectfully submitted,

Dated: October 24, 2022

CHESNOFF & SCHONFELD
THE LAW OFFICES OF JOHN BURTON

By: /s/ John Burton[14]
    John Burton
    Attorneys For Plaintiff

AARON D. FORD
Attorney General

By: /s/ D. Randall Gilmer
    D. Randall Gilmer
    Chief Deputy Attorney General
    Attorneys for Defendants

---

[14] John Burton has authorization to submit this filing on behalf of all counsel whose names and signatures appear herein.

**XI.   ACTION BY THE COURT**

This case is set for jury trial on the fixed/stacked calendar on **April 24, 2023 at 9:00 a.m.** Calendar call will be held on **April 19, 2023 at 1:30 p.m.**

DATED:   November 4, 2022

_____
UNITED STATES DISTRICT JUDGE

17